IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARCUS B. HARRIS,

    Plaintiff,

vs.                                            Case No. 4:14cv669-MW/CAS

JULIE L. JONES, et al.,

    Defendants.

                              /

## REPORT AND RECOMMENDATION

Defendants filed a motion to dismiss, doc. 19, asserting that Plaintiff's complaint was filed prematurely. Defendants contend this case should be dismissed because Plaintiff did not properly exhaust administrative remedies prior to seeking relief in the judicial forum. *Id.* Plaintiff filed a response, doc. 24, to the motion on January 20, 2015, but he was advised that he still had time (until February 9, 2015), in which to file an amended response if he desired to do so.[1] *See* doc. 26. Plaintiff did not file an "amended response" as directed. Instead, Plaintiff filed a document entitled, "Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss." Doc. 30.

---

[1] The additional time was provided because Plaintiff had argued the merits of his case in that response, doc. 24. He did not address the exhaustion issue.

Plaintiff requests that Defendant's motion to dismiss be denied, but Plaintiff primarily argues the merits of his case. Doc. 30 at 1.

**Motion to Dismiss, doc. 19**

Defendants' motion points out that Plaintiff submitted a formal grievance and an appeal to the Office of the Secretary regarding the claims raised in this case.[2] Doc. 19 at 2-3. The issue is whether Plaintiff filed his complaint prematurely.

Defendants state that Plaintiff's complaint was signed on September 18, 2014, and given to prison officials for mailing "as stated in his certificate of service." Doc. 19 at 5 (citing doc. 2 at 4). Defendants submit that Plaintiff's grievance appeal was submitted on September 12, 2014, and a response was not provided to him until October 1, 2014. *Id.* at 5-6. Because that date was after Plaintiff initiated this case, Defendants argue "Plaintiff did not properly exhaust his administrative remedies *prior* to filing suit." *Id.* at 6.

Defendants also point out that Plaintiff may not sue Defendants in their individual capacities for compensatory or punitive damages because Plaintiff has not shown that he suffered physical injury. *Id.* at 6-7. Furthermore, Defendants raise sovereign immunity to the degree they are sued in their official capacities, *Id.* at 7, and assert that Plaintiff's negligence claim, brought pursuant to state law, are barred by FLA. STAT. § 768.28(9) because Defendants were acting within the scope of their employment and

---

[2] Plaintiff's claims concern events which took place on August 22, 2014, when Plaintiff was not permitted to speak during the Jumah Services. Doc. 2 at 3. Plaintiff was taken to administrative confinement and given a disciplinary report for disobeying a verbal order. *Id.* Plaintiff claims that Defendants violated his First Amendment rights and he seeks $100,000.00 in damages, injunctive relief to prohibit future acts, and to quash the disciplinary report. *Id.* at 3-4.

Plaintiff did not comply with the pre-suit requirements of § 768.28(6)(a).  *Id.* at 8.  Finally, Defendants seek the dismissal of the § 1983 claims because they cannot be held liable under a theory of respondeat superior.  *Id.* at 9-11.

**Analysis**

In enacting the Prison Litigation Reform Act, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before

being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).

A prisoner must comply with the process set forth and established by the State's grievance procedures. *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (relying on Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.")); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007) ("Jones does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the extent that they addressed the issue."). Factual disputes concerning the exhaustion of administrative remedies may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376. Plaintiff was provided an

opportunity to dispute Defendants' motion to dismiss and present evidence (and argument) demonstrating that he did exhaust administrative remedies prior to filing this lawsuit.  *See* docs. 20, 26.

Plaintiff is housed within the Florida Department of Corrections which has an administrative grievance program, FLA. ADMIN. CODE R. 33-103.  Generally, the grievance procedure is a three step process requiring an inmate to file an informal grievance, a formal grievance, and then an appeal to the Secretary's office.  When challenging disciplinary action, however, an inmate need only file a formal grievance and an appeal.  FLA. ADMIN. CODE R. 33-103.006(2)(g).

Defendants have shown that Plaintiff submitted a formal grievance on August 28, 2014, concerning the events at issue in this case which occurred on August 22, 2014.  Doc. 19-1 at 4; *see also* doc. 1-2 at 45.  Plaintiff received a response denying his grievance on September 9, 2014.  Doc. 19-1 at 3; doc. 1-2 at 44.  Plaintiff submitted his appeal to the Secretary's Office on September 11, 2014.  Doc. 19-1 at 2.  The appeal was denied by the Secretary's representative on September 24, 2014.  Doc. 19-1; doc. 1-2 at 49.  Defendants argue that the "response denying Plaintiff's grievance appeal was provided on October 1, 2014."  Doc. 19 at 3 (citing Ex. A at 1 (doc. 19-1 at 1)).  However, it appears that date the official denied, signed, and dated the grievance was September 24, 2014.  Doc. 19-1 at 1; *see also* doc. 1-2 at 49.  A date stamped on the appeal indicates it was filed with the agency clerk on October 1, 2014, doc. 19-1, but for present purposes, the date the grievance was denied should be accepted as September 24, 2014.

Plaintiff is a prisoner proceeding pro se in this case. Unlike other litigants, he "cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice." Houston v. Lack, 487 U.S. 266, 271, 108 S.Ct. 2379, 2382 (1988). Pro se prisoners cannot take any of the usual precautions[3] to ensure timely filing of court documents. Houston, 487 U.S. at 271, 108 S.Ct. at 2382.

> [T]he pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the pro se prisoner delivers his notice to the prison authorities, he can never be sure that it will ultimately get stamped "filed" on time. And if there is a delay the prisoner suspects is attributable to the prison authorities, he is unlikely to have any means of proving it, for his confinement prevents him from monitoring the process sufficiently to distinguish delay on the part of prison authorities from slow mail service or the court clerk's failure to stamp the notice on the date received. Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access-the prison authorities-and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice.

487 U.S. at 271-72, 108 S.Ct. at 2382-83. Thus, the Supreme Court created a straightforward, bright-line rule to protect a prisoner who is unable to personally ensure the timely filing of documents in the courts known as the "prison mailbox rule." 487 U.S. at 275-75, 108 S.Ct. at 2384-85. A prisoner hands over a document he wants filed "to

---

[3] In Garvey v. Vaughn, 993 F.2d 776, 780 (11th Cir. 1993), the court noted "that pro se prisoners 'are unable to file personally in the clerk's office, they cannot utilize a private express carrier, and they cannot place a telephone call to ascertain whether a document mailed for filing arrived.' " Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir.), *cert. denied*, 135 S. Ct. 241 (2014) (quoting Garvey, 993 F.2d at 780 and explaining that under Houston's "prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.")). "Further, beyond lacking such 'safeguards,' pro se prisoners 'do not have counsel to monitor the filing process.' " Garvey, 993 F.2d at 780 (quoted in Jeffries, 748 F.3d at 1314).

prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date." *Id.*  Thus, if prison authorities fail to mail documents in a timely manner, the prisoner is not harmed and need only point to the date on which he delivered the paper to authorities for filing.

Review of the case initiating documents reveals that Plaintiff signed his complaint on September 18, 2014.  Doc. 2 at 4.  Plaintiff signed a declaration that all statements in the complaint were true on that date, but Plaintiff did not specifically state when he provided prison officials with his complaint for mailing.  *Id.*  However, Plaintiff provides some clarification of the date of filing in his motion to remand this case back to state court.  Doc. 6.  There, Plaintiff stated that he commenced this action by filing "a civil rights complaint in circuit court on or about September 18, 2014."  *Id.* at 1.  It must be accepted that Plaintiff used that date because it was the date he submitted the complaint to prison officials for mailing.

Bolstering that conclusion is Plaintiff's statement within the complaint that he used the prisoner grievance procedure available within the Florida Department of Corrections "to try and solve the problem."  Doc. 2 at 2.  After that statement, Plaintiff wrote "See attached (Exhibits)."  *Id.*  Because this case was originally filed in state court and removed to this Court by the Defendants, the state court documents have been submitted by Defendants[4] and not necessarily as was originally filed by Plaintiff.  The

---

[4] The removal statute directs that when a case is removed from state court, the defendants must file in the district court "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).

Case No. 4:14cv669-MW/CAS

complaint was filed in this Court as document 2, but the exhibits referenced by Plaintiff in the complaint were not filed with that document.[5]  Review of the state court record reveals that Plaintiff submitted his formal grievance on August 28, 2014.  Doc. 1-2 at 4.  Plaintiff received a timely response from that grievance on September 9, 2014.  *Id.* at 3.  At the bottom of the response is a notation which states "Pending Secretary appeal, 'shall be entitled to proceed with judicial remedy.  See Rule 33-103.011(4), FAC."  Doc. 1-2 at 3.

Plaintiff thereafter submitted a "Notice of Filing Secretary's Appeal" on October 31, 2014, to the circuit court.  Doc. 1-2 at 42.  That notice was filed subsequent to the submission of the case initiating documents as shown on the state court docket.  Doc. 1-2 at 1.  It must be presumed that Plaintiff submitted the Secretary's response after filing the complaint because he did not yet have the response when he filed the complaint on September 18, 2014.  Plaintiff has not argued to the contrary in his opposition to Defendants' motion to dismiss.  Doc. 30.  Thus, the state court record supports the conclusion that Plaintiff mailed his complaint prior to receiving a response from the Secretary's Office.

Additionally, in Plaintiff's recently filed "peremptory motion for declaratory judgment," doc. 27, Plaintiff cites to FLA. ADMIN. CODE R. 33-103.011(4), the same rule he cited at the bottom of the response from his formal grievance, and states: "He shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies."  Doc. 27 at 2.  The Rule cited by Plaintiff states:

---

[5] The complaint consists of only four pages, with no attachments.  Doc. 2.

> The time limit for responding to grievances and appeals may be extended for a reasonable period agreeable to both parties if the extension is agreed to in writing by the inmate. Unless the grievant has agreed in writing to an extension, expiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process. If this occurs, the complainant must clearly indicate this fact when filing at the next step. If the inmate does not agree to an extension of time at the central office level of review, he shall be entitled to proceed with judicial remedies as he would have exhausted his administrative remedies. The Bureau of Policy Management and Inmate Appeals will nevertheless ensure that the grievance is investigated and responded to even though an extension has not been agreed to by the inmate.

FLA. ADMIN. CODE R. 33-103.011(4) (effective April 20, 2014). Construed liberally, it appears that Plaintiff cites to this Rule for the proposition that he was entitled to proceed to court and be deemed to have exhausted administrative remedies because the time for providing a response had expired. Plaintiff's proposition is flawed.

The Rule directs that a grievance appeal must be received by the Office of the Secretary "within 15 calendar days from the date the response to the formal grievance is returned to the inmate." FLA. ADMIN. CODE R. 33-103.011(1)(c). The Secretary's Office must provide a response "within 30 calendar days from the date of the receipt of the grievance." FLA. ADMIN. CODE R. 33-103.011(3)(c). Plaintiff's grievance appeal was written and signed by Plaintiff on September 11, 2014. *See* doc. 1-2 at 43. Even assuming that the Secretary's Office received it that same day, that office had until October 11, 2014, 30 days later to provide a response. Plaintiff has not demonstrated that he was entitled to proceed to court on September 18, 2014, prior to completion of the administrative remedy process.

Ensuring that the record has been thoroughly reviewed, it is also noted that Plaintiff submitted a motion for a temporary restraining order to the state court and submitted with that motion another set of grievances related to the issue Plaintiff seeks

Case No. 4:14cv669-MW/CAS

to litigate in this case (that Plaintiff's First Amendment rights were violated when he was not permitted to speak at the Jummah Service on August 22, 2014). Doc. 3 at 5. Plaintiff's formal grievance was dated August 25, 2014. *Id.* at 7. That grievance was denied on September 3, 2014. *Id.* at 6. Plaintiff write a grievance appeal to the Secretary's Office which he dated September 8, 2014. *Id.* at 5. The appeal was denied by the Secretary's Representative on October 1, 2014, within the 30 day time frame. *Id.* at 4. Because that grievance appeal was denied later than the first appeal noted above, and after the date Plaintiff initiated this case in state court, it does not help Plaintiff either. Plaintiff's case was prematurely filed before Plaintiff had completed the grievance process.

Thus, Defendants' motion to dismiss, doc. 19, should be granted on the basis of exhaustion, and there is no need to address the other arguments raised in the motion. Granting Defendants' motion, doc. 19, renders Plaintiff's motion for declaratory judgment, doc. 27, moot.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 19, be **GRANTED**, that Plaintiff's complaint, doc. 2, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all other pending motions be **DENIED as moot**, and that

the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**